**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CHADWICK D. PEPITON**

      Plaintiff,

      v.                                             **05cv0573**

**CITY OF FARRELL, PENNSYLVANIA,
SOUTHWEST MERCER COUNTY
REGIONAL POLICE DEPARTMENT,
JOHN ROCOCCI, as an Individual and
in his Official Capacity with the Southwest
Mercer County Regional Police Department,
MERCER COUNTY, PENNSYLVANIA,
LOWELL WILLIAMS, as an Individual and
in his Official Capacity as the Public
Defender for Mercer County, and
JAMES P. EPSTEIN, as an Individual
and in his Official Capacity as the District
Attorney for Mercer County,**

      Defendants.

**MEMORANDUM OPINION**

**October 17, 2005**

      **I. Introduction**

      Defendants City of Farrell, Pennsylvania, Southwest Mercer County Regional Police

Department ["Police Department"], Police Officer John Rococci of that Police Department,

Mercer County, Lowell Williams, and James P. Epstein bring motions to dismiss Chadwick D.

Pepiton's civil rights complaint (documents nos. 7, 11, 13).  After careful consideration of

defendants' motions and plaintiff's stipulation of dismissal as to most of his claims, this Court

will dismiss Counts III, IV, V, and VI in their entirety and Counts I, II, and VII in part.[1]

---

[1]      Plaintiff has filed a stipulation of dismissal pursuant to Rule 41 of the Federal Rules of
Civil Procedure, in which he agrees to dismissal of Counts III, IV, V, and VI in their entirety,
and to dismissal of Counts I, II, and VII in part.  The stipulation explicitly does not stipulate to

## II. Statement of Facts

The following facts appear in a light most favorable to the Plaintiff:

Plaintiff alleges that on May 3, 2003, he was pulled over for driving a motor vehicle with an expired inspection sticker. Plaintiff alleges that Defendant Rococci pointed his weapon at Plaintiff and unlawfully arrested him. Plaintiff alleges that Defendant Rococci used excessive force in the carrying out the arrest, and claims that he suffered a fractured right wrist, a fractured left arm which required immediate surgery, and numerous contusions and abrasions as a result.

At the ensuing pretrial hearing, defendant Williams, the Public Defender for Mercer County, was appointed as plaintiff's defense attorney, while defendant Epstein was prosecuting the case for the Commonwealth of Pennsylvania, acting in his official capacity as District Attorney for Mercer County. Plaintiff claims that prior to his preliminary hearing, defendants Rococci, Epstein, and Williams held a meeting at the local magistrate judge's office and conspired to bring false charges against plaintiff so that he would not file suit against defendant Rococci and the Police Department. Plaintiff claims defendant Williams instructed Plaintiff to plead guilty to the charges which, he claims, Williams knew were false. Plaintiff claims he was unaware of the alleged back-room conversation and followed his attorney's advice and pleaded guilty. Following the preliminary hearing, plaintiff was convicted and placed on one year probation.

the dismissal of Counts I and II, to the extent they raise claims of excessive force against defendants Rococci, the City of Farrell and the Police Department, the common law battery claim against defendant Rococci at Count VII, or the punitive damages claim against Rococci in his individual capacity.

### III. Standards

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").


### IV. Discussion

Viewed in the light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in

support of his Fourth Amendment claim for excessive force against defendant Rococci at Count I, his Fourth Amendment claim against defendants Rococci, the Police Department and City of Farrell at Count II, and his Pennsylvania common law battery claim against defendant Rococci at Count VII. This Court will dismiss Counts III, IV, V, VI in their entirety and Counts I, II, and VII in part, with prejudice.

**Count I:     Constitutional Claims Relating to the Lawfulness of Plaintiff's Criminal Conviction Fail as a Matter Of Law**

Plaintiff alleges deprivation of constitutional rights, privileges, and immunities guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and brings his civil rights claims under 42 U.S.C. §1983. No cause of action exists under section1983, however, for claims that call into question the lawfulness of a plaintiff's conviction. The Supreme Court has held that section 1983 claims which expressly or implicitly challenge the lawfulness of a plaintiff's conviction must be dismissed pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The only constitutional claim alleged in Claim I which does *not* imply the invalidity of plaintiff's conviction is the Fourth Amendment claim against Defendant Rococci relating to the use of excessive force.

Accordingly, the Court will dismiss plaintiff's Sixth and Fourteenth Amendment claims against defendant Rococci, pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. The only claim in Count I to survive is the Fourth Amendment claim against defendant Rococci related to the use of excessive force.

**Count II:     Constitutional Claims Relating to the Lawfulness of Plaintiff's Criminal Conviction Fail as a Matter Of Law**

Plaintiff alleges a conspiracy and violation of constitutional rights under the Fourth and Fourteenth Amendments under a theory of *respondeat superior* liability. Complaint ¶ 69. However, a section1983 claim against a governmental entity under a theory of *respondeat superior*, will not lie. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality cannot be held liable solely as an employer, because there is no *respondeat superior* theory of municipal liability in section1983 actions. Id. Plaintiff's claims under *respondeat superior* therefore fail against defendants Police Department and City of Farrell. Plaintiff agrees to the dismissal of these claims pursuant to Rule 41 of the Federal Rules of Civil Procedure. Therefore, the Court will dismiss plaintiff's claims under *respondeat superior* liability against these defendants pursuant to Fed. R. Civ. P. 12(b)(6).  The claims against defendants Police Department and City of Farrell survive only insofar as defendant Rococci may have used excessive force pursuant to Police Department and/or City of Farrell custom, practice, or policy.

**Count III:     All Claims for False Arrest Fail as a Matter of Law Because There Was Probable Cause to Make a Lawful Arrest**

Plaintiff alleges that by placing him under arrest, defendant Rococci violated his right to be free from unlawful detention. Plaintiff's Complaint, however, states he was stopped for driving a motor vehicle with an expired inspection sticker. Complaint ¶ 25. The United States Supreme Court has held that the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense, such as a misdemeanor seatbelt violation punishable only by a fine. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to

believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). As explicitly stated in his Complaint, plaintiff was driving a motor vehicle with an expired inspection sticker, an act which violates 75 Pa.C.S. §4703, "Operation of Vehicle Without Official Certification of Inspection," a misdemeanor punishable, upon conviction, to a fine of up to $25.00.  75 Pa.C.S. § 4703 (h)(2).

As plaintiff committed a traffic violation in the presence of defendant Rococci, the officer had probable cause to make the arrest, and the arrest was lawful and reasonable under the Fourth Amendment. Plaintiff agrees to dismissal of Count IV in its entirety, pursuant to Rule 41 of the Federal Rules of Civil Procedure, and the Court will dismiss plaintiff's Fourth Amendment claims for False Arrest against defendant Rococci pursuant to Fed. R. Civ. P. 12(b)(6).

>    **Count IV:**     **All Constitutional Claims Against Defendants Epstein, Williams, and Rococci that Imply the Invalidity of Plaintiff's Conviction Fail Under Section 1983 and *Heck***

Plaintiff alleges a number of Fourth, Sixth, and Fourteenth Amendment claims against defendants Epstein, Williams, and Roccoci. Due to the "favorable termination requirement" of Heck, however, section1983 claims challenging the validity of plaintiff's conviction cannot stand. Plaintiff agrees to the dismissal of Count IV in its entirety, pursuant to Rule 41 of the Federal Rules of Civil Procedure, and the Court will therefore dismiss these claims against defendants Epstein, Williams, and Roccoci pursuant to Fed. R. Civ. P. 12(b)(6).

**Count V:    All Constitutional Claims Against Defendants Epstein, Williams, Rococci, Mercer County, City of Farrell, and Police Department that Imply the Invalidity of Plaintiff's Conviction Fail Under §1983 and *Heck***

Plaintiff alleges a number of Fourth and Fourteenth Amendment claims against Rococci, Williams, Epstein, Mercer County, City of Farrell and Police Department. Due to the "favorable termination requirement" of Heck, however, section 1983 claims which imply the invalidity of plaintiff's conviction cannot stand. Plaintiff agrees to the dismissal of Count V in its entirety, pursuant to Rule 41 of the Federal Rules of Civil Procedure, and the Court will therefore dismiss the claims at Count V.

**Count VI:    Plaintiff's Malicious Prosecution Claim is Barred Due To His Guilty Plea and Applicable Immunities**

Malicious prosecution is a common law intentional tort that, in Pennsylvania, is established where the defendant "instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." McKibben v. Schmotzer, 700 A.2d 484, 492 (Pa. Super 1997).

Plaintiff cannot establish as a matter of law that proceedings terminated in his favor for the simple reason that he pleaded guilty to criminal charges, was sentenced, and served that sentence. A conviction from a guilty plea is equivalent to a conviction from trial-by-jury under Pennsylvania law.  Haefner v.  Burkey, 626 A.2d 519, 521 (1993);  Commonwealth, Dept. of Transp. v. Mitchell, 535 A.2d 581, 585 (Pa. 1987). Proceedings did not terminate in plaintiff's favor and he is barred from establishing malicious prosecution as a matter of law.  See Donahue v.  Gavin, 280 F.3d 371, 379 (3d Cir.  2002) (favorable termination of a criminal proceeding in

Pennsylvania results, inter alia, where the prosecutor formally abandons the proceedings ("nolle prosequi" or "nol pros"), the indictment or information is quashed, a criminal defendant is acquitted, or the accused receives a final order in his or her favor by a trial or appellate court).

Additionally, defendant Epstein, as the District Attorney, is entitled to absolute immunity under Pennsylvania law. Durham v. McElynn, 772 A.2d 68, 70 (Pa. 2001). Defendants Mercer County and City of Farrell are immune to tort actions in Pennsylvania under the Political Subdivision Tort Act, which states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S.A. § 8541. There are eight enumerated exceptions in 42 Pa.C.S.A. §8542(b) that allow liability against a local agency under the Act, but intentional torts are not among them. Plaintiff agrees to the dismissal of Count VI in its entirety, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Therefore, the Court will dismiss plaintiff's common law malicious prosecution claims against defendants Rococci, Williams, Epstein, Mercer County, City of Farrell, and Police Department pursuant to Fed. R. Civ. P. 12(b)(6).

### Count VII:    Defendant City of Farrell and Defendant Police Department are Immune from Plaintiff's Civil Battery Claim

Defendant City of Farrell is immune to plaintiff's common law battery claim for the reason just stated: the City is immune to state tort claims and battery is not one of the enumerated exceptions to immunity under the Political Subdivision Tort Act. 42 Pa.C.S.A. § 8541. Defendant Police Department, as a governmental "local agency," enjoys the same immunity.  A municipal *employee* may be stripped of his immunity when he engages in conduct

that is found to constitute "willful misconduct," which may be the case here for defendant Rococci. 42 Pa.C.S. §8550. Therefore, the Court will dismiss plaintiff's battery claim against defendants City of Farrell, Police Department, and Rococci in his official capacity, pursuant to Fed. R. Civ. P. 12(b)(6), but the battery claim survives against defendant Rococci in his individual capacity.

### Punitive Damages are Not Available Against Municipal Defendants and Rococci in his Official Capacity, as a Matter of Law.

In each count of his complaint, plaintiff requests an award of punitive damages. Plaintiff agrees in his response "to the complete release of defendants James Epstein, Lowell Williams, and Mercer County."

As for the remaining defendants, punitive damages are not available against a municipality under section 1983. City of Newport v. Fact Concerts, 452 U.S. 247, 267-71 (1981). Municipal officials and employees in their capacities as officers of a borough or other municipality are likewise immune from section1983 punitive damages. See Brandon v. Holt, 469 U.S. 464, 472-73 (1985) (section 1983 claims against public servants in their official capacities are, in effect, suits against the government entity itself); Lakits v. York, 258 F.Supp. 2d 401 (E.D.Pa. 2003) (*citations omitted*). Plaintiff is therefore precluded from recovering punitive damages from the municipal defendants or Rococci in his official capacity, and plaintiff agrees to the dismissal of these claims. The claim for damages against defendant Rococci in his individual capacity survives.

**V. Conclusion**

For the reasons discussed above, the Court will dismiss Counts III, IV, V, VI in their entirety and Counts I, II, and VII  in part.  The only claims remaining are plaintiff's Fourth Amendment claim for excessive force against defendant Rococci at Count I, his Fourth Amendment claim against defendants Police Department and City of Farrell at Count II, and his Pennsylvania common law battery claim against defendant Rococci at Count VII.

An appropriate order will be entered.


**s/ Arthur J. Schwab**
Arthur J. Schwab
United States District Judge


cc: all counsel of record

Joel S. Sansone, Esquire
John E. Quinn, Esquire
Suzanne B. Merrick, Esquire
Thomas P. McGinnis, Esquire
Brian P. Gabriel, Esquire